UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:16CV694 RLW<br>) |
| BRASSCRAFT MANUFACTURING COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Bankers Standard Insurance Company's Motion to Amend Scheduling Order and for Leave to Add a New Count to Plaintiff's Complaint or, in the Alternative, Motion for Leave to Dismiss without Prejudice (ECF No. 31). Defendant BrassCraft Manufacturing Company has filed a response in opposition. Plaintiff did not file a reply to Defendant's response, and the time for doing so has expired.

On March 31, 2016, Plaintiff filed a Petition for Damages in the Circuit Court of St. Louis County, Missouri. Defendant removed the Petition to federal court on May 18, 2016. On July 31, 2017, less than two months before the September 18, 2017 trial date, Plaintiff filed the instant motion. (ECF No. 31) On August 7, 2017, Defendant filed a response in opposition, asserting that Plaintiff failed to amend the Complaint within the time frame set forth in the Case Management Order ("CMO") and is unable to demonstrate good cause for amending theCcomplaint at this late stage. (ECF No. 36) Defendant further contends that the Court should deny Plaintiff's motion to dismiss, as the motion is an attempt to evade the Court's jurisdiction and add a new claim in state court. However, Defendant argues that, should Plaintiff's motion to

1

dismiss be granted, the Court should impose the condition that Plaintiff pay Defendant's reasonable attorney's fees and costs. Plaintiff has not replied to Defendant's response.

With regard to Plaintiff's Motion to Amend Scheduling Order and Add a New Count to the Complaint, the Court notes that the CMO set forth the deadline to amend pleadings as September 15, 2016. (ECF No. 11) The CMO states that "the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances[.]" Defendants contend that Plaintiff has failed to show the requisite exceptional circumstances in this case.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *2 (D. Minn. Dec. 3, 2012) (citation omitted). However, "[w]here a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the [Federal Rule of Civil Procedure] 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." *Jo Ann Howard & Assoc., P.C. v. Cassity*, No. 4:09-CV-01252-ER, 2014 WL 6607077, at *4 (E.D. Mo. Nov. 19, 2014). "Good cause requires a change in circumstances, law, or newly discovered facts." *Id.* (citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Here, the Court finds that Plaintiff is unable to demonstrate good cause such that amendment of the Complaint is not warranted. Plaintiff filed its motion nearly one year past the deadline for amendment of pleadings and less than two months before trial. Plaintiff provides no reasons for the delay other than Defendant's expert testified that the water supply line's failure

resulted from corrosion from chlorine based products and that the expert was not aware of any warnings to that effect. The motion offers no further justification for moving to file an Amended Complaint at this late juncture, and Plaintiff provides no explanation as to why it failed to amend the Complaint within the deadline set forth in the CMO or why it could not have alleged a failure to warn claim earlier. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (finding district court properly denied the motion to amend complaint where it was filed ten months after the court entered the scheduling order and seven weeks before the close of discovery and where plaintiff failed to provide a reason why punitive damages could not have been alleged earlier). Therefore, the Court will deny Plaintiff's motion to amend the CMO and add a new count to the Complaint.

Plaintiff alternatively moves to dismiss its law suit without prejudice. Under Rule 41 of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), and the terms of such dismissals, are addressed to the discretion of the district courts." *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at *2 (E.D. Mo. Feb. 16, 2016) (citation omitted). When considering a motion for voluntary dismissal, courts consider:

> "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Here, Plaintiff sets forth its reason in the motion for leave to dismiss, asserting that the failure to warn claim was discovered through the deposition of Defendant's expert. Plaintiff

3

requests that the Court dismiss the action without prejudice to allow Plaintiff to re-file in state court under the $75,000 limit for federal jurisdiction. (ECF No. 31) The Court finds that the cause of action should be dismissed, as the Court has not yet addressed the pending motion for summary judgment, and diversity jurisdiction may be lacking. However, the Court also finds that the imposition of fees and costs as a condition of dismissal is appropriate, as Plaintiff intends to pursue the same case with a new count in state court, causing hardship to Defendant.

"Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the defendant that were incurred in defending the action prior to the voluntary dismissal." *Johnson v. Int'l Bhd. Of Elec. Workers, Local 1*, No. 4:10CV2111 CDP, 2012 WL 368713, at *2 (E.D. Mo. Feb. 3, 2012) (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1038 (8th Cir. 2011)). This includes imposing the condition that the plaintiff pays reasonable attorney's fees incurred by defendant in defending the suit. *Id.* (citation omitted). The Eighth Circuit "has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978 (8th Cir. 1995) (citation omitted). "However, the district court may deduct from such an award 'any expenses [the defendant] incurred in the instant action for work that can be reused in the subsequent litigation.'" *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at *3 (E.D. Mo. Feb. 16, 2016) (quoting *Pruiett v. Doe*, No. 4:12-CV-1813-SPM, 2013 WL 1342369, at *3 (E.D. Mo. Apr. 3, 2013)).

Here, the Court finds that an award of costs and attorney's fees is warranted. The case has been pending for over a year, and substantial discovery has been conducted. After failed mediation and a Court Order directing Plaintiff to respond to Defendant's Supplemental Statement of Uncontroverted Facts, Plaintiff filed the present motion to amend or to dismiss.

4

Defendant incurred costs in defending this action before Plaintiff filed the motion for voluntary dismissal. In the event Plaintiff refiles this or a similar action, the Court will award Defendant its costs and attorney's fees, less any expenses incurred for work that can be reused in the subsequent litigation, as a condition of dismissal. *Sequa Corp.*, 245 F.3d at 1038; *Garner*, 2016 WL 612765, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Scheduling Order and for Leave to Add a New Count to Plaintiff's Complaint or, in the Alternative, Motion for Leave to Dismiss without Prejudice (ECF No. 31) is **DENIED** as to the Motion to Amend and **GRANTED** as to the Motion to Dismiss without Prejudice.

**IT IS FURTHER ORDERED** that as condition of dismissal Defendant shall submit a bill of costs and an itemization of attorney's fees consistent with this Order within ten (10) days of the date that Plaintiff refiles the action in state court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 12) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that this cause of action is **DISMISSED without prejudice**.

Dated this 23rd day of August, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**